1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   SHAWNA LYNNETTE STEIGER,

11                      Plaintiff,                        CASE NO. 3:16-CV-05106-DWC

12            v.                                          ORDER ON PLAINTIFF'S
                                                         COMPLAINT
13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
14
                        Defendant.
15

16          Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the

17   denial of Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental

18   Security Income ("SSI") benefits. The parties have consented to proceed before a United States

19   Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule

20   MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 4.

21          After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ")

22   erred by failing to properly evaluate the opinion of one of Plaintiff's examining psychologists.

23   Therefore, this matter is reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g),

24   for further proceedings.

ORDER ON PLAINTIFF'S COMPLAINT - 1

**PROCEDURAL& FACTUAL HISTORY**

On January 23, 2013, Plaintiff filed an application for DIB, and on January 30, 2013, Plaintiff filed an application for SSI. *See* Dkt. 7, Administrative Record ("AR") 201-10. Plaintiff alleges she became disabled on July 23, 2012, due to depression, anxiety, acid reflux, urinary frequency, and carpal tunnel syndrome. *See* AR 201, 275.  Plaintiff's applications were denied upon initial administrative review and on reconsideration. *See* AR 66-67, 116-17. A hearing was held before an ALJ on June 11, 2014, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 34.

On June 27, 2014, the ALJ found Plaintiff was not disabled within the meaning of Sections 1614(a)(3)(A), 216(i), and 223(d) of the Social Security Act. AR 26. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on January 19, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On February 10, 2016, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ failed to provide legally sufficient reasons to reject the opinion of one of Plaintiff's examining psychologists Dkt. 9, p. 1.[1]

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by

---

[1] Plaintiff also initially alleged the ALJ erred in evaluating her subjective symptom testimony. Dkt. 9, p. 1. However, Plaintiff made no argument to that effect, and subsequently conceded she was not challenging the ALJ's adverse finding on Plaintiff's subjective testimony. Dkt. 11, p. 2.

1    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2    Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

3    more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

4    mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747,

5    750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

6                                                 **DISCUSSION**

7        I.       Whether the ALJ Properly Evaluated the Medical Opinion Evidence.

8                 **A.  Standard**

9            The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

10   opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d

11   821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v.*

12   *Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). However, "[i]n order to discount the opinion of an

13   examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must

14   set forth specific, *legitimate* reasons that are supported by substantial evidence in the record."

15   *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,* 81 F.3d at 831). The ALJ

16   can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

17   clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

18   F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751). In addition, the ALJ must

19   explain why the ALJ's own interpretations, rather than those of the doctors, are correct. *Reddick*,

20   157 F.3d at 725 (*citing Embrey,* 849 F.2d at 421-22). The ALJ "may not reject 'significant

21   probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995)

22   (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642

23

24

1   F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for

2   disregarding [such] evidence." *Flores*, 49 F.3d at 571.

3              **B.  Application of Standard**

4          The ALJ assigned Plaintiff the residual functional capacity ("RFC") to perform unskilled

5   light work. AR 19. The ALJ also found Plaintiff could work in positions that do not require

6   public contact, and Plaintiff could have occasional coworker contact. *Id*. Plaintiff contends this

7   RFC finding was erroneous, as the ALJ improperly rejected the more restrictive limitations

8   opined to by Dr. R.A. Cline, Psy.D.

9          Dr. Cline examined Plaintiff on November 30, 2012. AR 282, 285. During the

10  examination, Plaintiff reported a recent suicide attempt, as well as a history of prior suicide

11  attempts and depression. AR 279-80. On mental status examination, Dr. Cline documented a

12  depressed and dysthymic mood, and a sad and withdrawn affect. AR 283. Dr. Cline also

13  documented minor lapses during digit span tasks (a measure of concentration), found Plaintiff

14  was unable to interpret proverbs (a measure of capacity for abstract thought), demonstrated poor

15  insight and judgment, and had some level of impairment in socialization. AR 283-85. However,

16  Plaintiff demonstrated normal: thought process and content; orientation to day, date, and time;

17  perception; memory; and fund of knowledge. AR 283-84. Dr. Cline also administered the Rey 15

18  question test, Beck Anxiety Inventory ("BAI") and the Beck Depression Inventory-II ("BDI-II").

19  AR 280. Dr. Cline found the Rey test results indicated Plaintiff was exhibiting excellent effort

20  and cooperation, and reduced the likelihood Plaintiff was malingering. AR 280. Dr. Cline also

21  found Plaintiff's BAI score suggests mild to moderate levels of anxiety, but also found Plaintiff's

22  BDI-II score suggested a marked to severe level of depression, congruent with her clinical

23  interview. AR 280.

24

1    Dr. Cline diagnosed Plaintiff with: major depressive disorder, recurrent, severe without

2 psychotic features; anxiety disorder NOS with features of GAD and panic disorder; and

3 cognitive disorder, NOS. AR 281. As a result of these impairments, Dr. Cline opined Plaintiff

4 would have: marked limitations in her ability to complete a normal workday and workweek

5 without interruptions from psychologically based symptoms and maintain appropriate behavior

6 in a work setting;  moderate to marked limitations in her ability to understand, remember, and

7 persist in tasks by following detailed instructions; and mild to moderate limitations in numerous

8 other areas, including understanding, remembering, and persisting in tasks by following very

9 short and simple instructions, learning new tasks, and being aware of normal hazards and taking

10 appropriate precautions. AR 281-82.

11    The ALJ gave little weight to Dr. Cline's opinion for the following four reasons:

12    [1][Dr. Cline's opinion] is largely based on the claimant's subjective statements
      regarding the severity of her impairments. [2] Although the claimant claims to
13    have severe psychological limitations, these limitations are not supported by
      mental status examinations in the record [3] and even Dr. Cline's own testing of
14    the claimant. [4] Furthermore, her allegations are not supported by her own
      statements regarding her abilities.

15
16 AR 24. Plaintiff argues these were not specific and legitimate reasons, supported by substantial

17 evidence, to give Dr. Cline's opinion little weight. The Court agrees.

18    First, the ALJ's finding Dr. Cline's opinion is based largely on Plaintiff's subjective

19 statements is unsupported by substantial evidence. An "ALJ may reject a treating physician's

20 opinion if it based 'to a large extent' on a claimant's self-reports that have been properly

21 discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However,

22 this is distinguishable from a situation where a treating or examining physician makes

23 independent observations and supports his or her conclusions with other evidence. *See Ryan v.

24 Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008); *see also Edlund v.*

1   *Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). "[W]hen an opinion is not more heavily based

2   on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting

3   the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, Dr. Cline did

4   document Plaintiff's subjective statements as a component of his analysis. AR 279-80. However,

5   Dr. Cline also performed a mental status examination, where he observed Plaintiff's dysthymic

6   mood and sad, withdrawn affect, and documented deficits in concentration, abstract thought, and

7   insight and judgment. AR 283-84. Dr. Cline also supported his opinion using several tests and

8   inventories, at least one of which was administered to assess—and discount—the possibility

9   Plaintiff was malingering. AR 280. There is no indication Dr. Cline based his opinions to a larger

10  extent on Plaintiff's subjective reporting as opposed to Dr. Cline's independent clinical findings

11  and objective medical evidence, including the mental status examination and the BAI, BDI-II,

12  and Rey test results; thus, the ALJ's finding is not supported by substantial evidence. *See*

13  *Blessing v. Astrue*, 2013 WL 316153, *7 (W.D.Wash. 2013) ("Like the physical examination, the

14  Mental Status Examination is termed the *objective* portion of the patient evaluation.") (*quoting*

15  Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination, 3-4

16  (Oxford University Press 1993)).

17      Second, the ALJ's conclusion Dr. Cline's opinion was inconsistent with other mental

18  status examinations in the record is not supported by substantial evidence. The ALJ does not cite

19  to any of the mental status examinations in his discussion of Dr. Cline's opinion, nor does he

20  attempt to explain how other providers' mental status examinations are actually inconsistent with

21  Dr. Cline's opinion. In order to reject the opinion of a treating or examining physician, an ALJ

22  must do more than state his or her conclusions; he or she must set forth their own interpretations

23  and explain why they, rather than the doctors' are correct. *Reddick*, 157 F.3d at 725 (*citing*

24

1    *Embrey,* 849 F.2d at 421-22). *See Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014). The

2    ALJ's failure to do so here was error. *See, e.g.*, *McAllister v. Sullivan*, 888 F.2d 599, 602-03 (9th

3    Cir. 1989) (finding similar reasoning for rejecting a treating physician's opinion was "broad and

4    vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

5           Even if the Court were to consider other parts of the written decision to find support for

6    the ALJ's conclusions, the medical evidence of record cited by the ALJ is not actually

7    inconsistent with Dr. Cline's opinion. The ALJ cites four separate mental status examinations at

8    various points throughout the written decision. AR 20-21, 400, 582, 848, 925. These mental

9    status examinations document euthymic, rather than depressed, mood, and fair, rather than poor,

10   insight and judgment. AR 400, 582, 848, 925. However, several of the mental status

11   examinations are missing categories (e.g., AR 925), and none of the other mental status

12   examinations purport to address Plaintiff's capacity for abstract thought or socialization. AR 400,

13   582, 848, 925. Further, none of the other mental status examinations are accompanied by other

14   testing as performed by Dr. Cline, all of the mental status examinations were completed

15   anywhere from several months to several years after Dr. Cline's assessment, and were also

16   completed during different phases of Plaintiff's medication management. AR 400, 582, 848, 925.

17   "Consistency does not require similarity in findings over time despite a claimant's evolving

18   medical status." *Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007). Further, less extensive

19   findings rendered by other providers who were not tasked with assessing Plaintiff's functional

20   limitations do not warrant discounting Dr. Cline's opinion in this case. *See Orn v. Astrue*, 495

21   F.3d 625, 632 (9th Cir. 2007). *See also Ryan v. Commissioner of Social Sec. Admin*, 528 F.3d

22   1194, 1200 (9th Cir. 2008) ("Nothing in [one examining doctor's report] rules out [another

23

24

1    examining doctor's] more extensive findings") (*quoting Regennitter v. Commissioner of Social*

2    *Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999)).

3        Third, the ALJ's conclusion Dr. Cline's mental status examination results were

4    inconsistent with his own opinion is not supported by substantial evidence. As with the other

5    mental status examinations, the ALJ fails to explain how Dr. Cline's testing is inconsistent with

6    his opinions. Further, Dr. Cline opined Plaintiff would have moderate to marked difficulty in

7    following simple and detailed instructions, moderate to marked difficulty in communicating and

8    performing effectively in a work setting, and marked difficulty maintaining appropriate behavior

9    in a work setting and completing a normal workday and workweek without interruption from her

10    psychological symptoms. AR 281-82.  These conclusions are not out of line with the poor insight

11    and judgment, impairments in abstract thought and socialization, and high scores on the BDI-II

12    Dr. Cline documented throughout his evaluation. AR 280-85. "[W]here the purported existence

13    of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the

14    rejection of an examining physician's conclusion." *Nguyen v. Chatter*, 100 F.3d 1462, 1465 (9th

15    Cir. 1996).

16        Finally, the ALJ's remaining reason to discount Dr. Cline's opinion—Plaintiff's

17    allegations are not supported by her own statements regarding her abilities—is essentially a

18    restatement of the ALJ's first basis for discounting Dr. Cline's opinion. Again, Dr. Cline based

19    his evaluation on more than Plaintiff's subjective statements; he relied on his clinical interview

20    and objective testing in the form of a mental status examination, Rey, BAI, and BDI-II in

21    formulating his opinions. As there is no indication Dr. Cline based his opinions more on

22    Plaintiff's self reports rather than his own independent clinical observations, the ALJ has not

23    stated a legally sufficient basis to reject Dr. Cline's opinion. *See Ghanim*, 763 F.3d at 1162.

24

1    Because the ALJ did not offer specific and legitimate reasons, supported by substantial

2    evidence, for discounting Dr. Cline's opinion, the ALJ erred. Further, as Dr. Cline opined to

3    limitations more restrictive than those the ALJ included in the RFC, the error was not

4    "inconsequential to the ultimate nondisability determination," and was therefore harmful. *Molina*

5    *v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). *See Batson v. Comm'r of Soc. Sec. Admin.*, 359

6    F.3d 1190, 1197 (9th Cir. 2004).

7                                   <u>**CONCLUSION**</u>

8    Based on the above stated reasons and the relevant record, the undersigned finds the ALJ

9    erred by failing to properly evaluate Plaintiff's examining psychologist. Therefore, the court

10   orders this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On

11   remand, the ALJ should reevaluate and reweigh all of the medical opinion evidence and proceed

12   on to Step Four and/or Step Five of the sequential evaluation, as appropriate. On remand, the

13   ALJ should also develop the record as needed. Judgment should be for Plaintiff and the case

14   should be closed.

15   Dated this 1st day of July, 2016.

16

17

         David W. Christel
18       United States Magistrate Judge

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 9